IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIE M. ALEXANDER,**

            **Plaintiff,**

    v.                                      **CASE NO. 12-3101-SAC**

**RON EGLI, et al.,**

            **Defendants.**

**O R D E R**

Before the court is a form complaint presented for filing under 42 U.S.C.§ 1983, submitted pro se by a prisoner incarcerated in a Federal Correctional Institution in Terre Haute, Indiana.

**Filing Fee Obligation**

The district court filing fee required for this civil action is $350.00. 28 U.S.C. § 1914.

Because plaintiff is a prisoner, he is obligated to pay the full district court filing fee. 28 U.S.C. § 1915(b)(1). He may do so over time by proceeding in forma pauperis and paying an initial partial filing fee assessed by the court pursuant to § 1915(b)(1), and through automatic payments thereafter from his inmate trust fund account as authorized by § 1915(b)2). A motion for leave to proceed in forma pauperis must be submitted on a court approved form with a certified accounting of plaintiff's inmate trust fund account for the six month period prior to filing the instant complaint must be attached. *See* 28 U.S.C. § 1915(a)(stating requirements for a prisoner's in forma pauperis motion); D.Kan.Rule 9.1(court approved forms required).

Plaintiff has not paid the district court filing fee, and has not submitted a motion seeking leave to proceed in forma pauperis. The court will grants plaintiff additional time to comply with one of the statutory fee provisions for proceeding in federal court.

### Screening of the Complaint

Also, a federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 555.

Having considered the complaint, the court finds it is subject to being summarily dismissed for reasons including the two

identified below.

Plaintiff seeks relief on allegations of being denied necessary and proper medical care while he was confined as a federal prisoner in a facility operated by the Corrections Corporation of America (CCA) during plaintiff's confinement in Kansas.

First, to the extent plaintiff proceeds under § 1983 as titled in the complaint, no claim for relief is presented. A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege the violation of a right secured by the Constitution or laws of the United States, by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because plaintiff was confined in the CCA facility as a federal prisoner, clearly none of the CCA defendants named in the complaint acted "under color of state law." The complaint thus presents no cause of action under § 1983.

Even if the court were to liberally construe the action as seeking relief under *Bivens*,[1] the federal analogue to suits brought against state officials pursuant to § 1983, *Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006), the Supreme Court has not extended *Bivens* to allow a claim against a private corporation such as CCA, or to CCA employees. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001)(no implied private right of action, pursuant to *Bivens*, for damages against private entities engaged in alleged constitutional violations while acting under color of federal law); *Minneci v. Pollard*, __ U.S. __, 132 S.Ct. 617 (2012)(prison staff

---

[1] See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971)(citizens may sue federal officials for monetary damages in relation to constitutional deprivation).

at private prisons contracting with federal government cannot be sued for constitutional violations where state tort law provides a remedy).

Second, plaintiff filed his complaint on April 23, 2010, alleging defendants ignored his obvious symptoms on March 19, 2010, which resulted in plaintiff suffering a heart attack one week later. It thus appears the complaint is not filed within the two year limitations period provided for seeking relief under § 1983 or *Bivens*. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993)(two-year limitations period in Kansas for filing general personal injury suits applies to civil rights actions brought pursuant to 42 U.S.C. § 1983); *United States v. Kubrick*, 444 U.S. 111, 120 (1979)("[A] Bivens action, like an action brought pursuant to 42 U.S.C. § 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose.").

### Notice and Show Cause Order Plaintiff

Plaintiff is granted thirty (30) days to either pay the $350.00 district court filing fee, or to submit an executed form motion for seeking leave to proceed in forma pauperis without prepayment of the district court filing fee. The failure to do so in a timely manner may result in the complaint being dismissed without prejudice, and without further prior notice.

The court also directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.[2] The failure to file a timely response may result in the

---

[2] Plaintiff is advised that dismissal of the complaint as stating no claim for relief, 28 U.S.C. § 1915A(b), will count as a

4

complaint being dismissed for the reasons stated herein, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to EITHER pay the $350.00 district court filing fee OR submit a motion seeking leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed as stating no claim upon which relief can be granted.

The clerk's office is to provide plaintiff with court forms for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 27th day of June 2012 at Topeka, Kansas.

                         s/ Sam A. Crow
                         SAM A. CROW
                         U.S. Senior District Judge

---

"strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."